IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

    **Plaintiff,**

v.                                                      **Civil Action No. 2:10cv65**
                                                            **(Judge Maxwell)**

**WARDEN EVELYN SEIFERT,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On May 17, 2010, the plaintiff, Kenny Drew Sayre ("Sayre"), a state inmate confined in the Northern Correctional Facility located in Moundsville, West Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. §1983. Along with his complaint, Sayre filed an application to proceed without prepayment of fees. However, the PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

While incarcerated, Sayre has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be

1

granted. *See* Sayre v. Taylor, case no. 1:99cv158[1]; Sayre v. Crim, case no. 1:99cv155; Sayre v. Godwin, case no. 1:97cv148; and Sayre v. Dyer, case no. 5:92cv137. Further, Sayre's appeal in Sayre v. Godwin, was found to be frivolous by the Fourth Circuit Court of Appeals and dismissed "on the reasoning of the district court." An appeal which is dismissed as frivolous is counted as a strike. Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775 (10th Cir. 1999).

Additionally, Sayre has filed numerous complaints in the Southern District of West Virginia and has three strikes against him. *See* 5:01cv0434. (On October 17, 2001, the Southern District determined that the action constituted the third civil action which had been dismissed for failing to state a claim). Because the Southern District of West Virginia is a "Court of the United States," thus Court can count the strikes found by the Southern District of West Virginia.

Therefore, based on the strikes Sayre has accumulated in both the Northern and Southern Districts of West Virginia, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." The complaint filed by the plaintiff does not meet this standard.[2]

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's application to proceed without prepayment of fees (Doc. 2) be **DENIED** and his complaint (Doc. 1) be

---

[1] The case was dismissed because Sayre pleaded habeas issues in a § 1983 case, and thus, he failed too state a claim by raising claims which were not cognizable in a § 1983 case. Thus, the dismissal counts as a strike. *See* Baker v. Keating, 8 Fed.Appx. 893, 2001 WL 321206 (10th Cir. 2001)(unpublished).

[2] In his complaint, the plaintiff seeks relief in connection with alleged denial of access to the courts resulting from the prison not having a proper law library. This allegation, even if true, does not place Sayre under imminent danger of serious physical injury.

**DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file written objections with the Clerk of the Court identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 4 th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 5/18/10

                                                         /s/ James E. Seibert
                                                   JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE